## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 19 2017, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Lisa Diane Manning<br>Manning Law Office<br>Danville, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Justin F. Roebel<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua Steven Thompson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 19, 2017<br><br>Court of Appeals Case No.<br>32A01-1704-CR-877<br><br>Appeal from the Hendricks<br>Superior Court<br><br>The Honorable Stephenie LeMay-Luken, Judge<br><br>Trial Court Cause No.<br>32D05-1603-F3-18 |

**Baker, Judge.**

[1] Joshua Thompson appeals his convictions for Level 3 Felony Robbery,[1] Level 5 Felony Carrying a Handgun With a Prior Felony,[2] Class A Misdemeanor Resisting Law Enforcement,[3] and Class A Misdemeanor Theft,[4] as well as the finding that he is an Habitual Offender.[5] Thompson argues that the trial court erroneously admitted testimony regarding an unrecorded statement he made to a police officer while in custody. Finding no reversible error, we affirm.

## Facts

[2] On March 18, 2016, Arie Bottorff had just ended a shift at a Discount Tire store in Avon when he agreed to help his manager load a bag of mulch into the store's dumpster. Bottorff drove his vehicle up to the dumpster and left the car running as the men lifted the bag of mulch.

[3] As Bottorff and his manager were lifting the mulch, Thompson approached and entered Bottorff's vehicle. Bottorff saw it happen and ran toward his vehicle, but Thompson displayed a firearm and told Bottorff, "don't do it[.]" Tr. Vol. I p. 64. There was a woman with Thompson who apologized to Bottorff; she then entered the vehicle and Thompson drove it away, squealing the tires.

---

[1] Ind. Code § 35-42-5-1.

[2] Ind. Code § 35-47-2-1.

[3] Ind. Code § 35-44.1-3-1.

[4] Ind. Code § 35-43-4-2.

[5] Ind. Code § 35-50-2-8.

Bottorff's manager called 911 and the manager conveyed Bottorff's description of the firearm as a silver semiautomatic with a black handle.

[4] A nearby police officer heard the tires squeal and then received a dispatch regarding the armed robbery and carjacking. He followed Thompson's known direction of travel and eventually observed a vehicle matching the description in the dispatch. Thompson was driving the vehicle at speeds exceeding 100 miles per hour and was operating it in a reckless manner. The officer activated his lights and sirens but Thompson did not pull over or slow down. Instead, he continued to drive recklessly, running other vehicles off the roadway and nearly side-swiping a school bus. Eventually, Thompson disregarded a traffic light and collided with another vehicle. After the collision, officers attempted to subdue and arrest Thompson. He resisted, kicking and flailing, but was ultimately taken into custody. Inside the vehicle, officers observed a silver and black handgun underneath the front passenger's seat.

[5] Later that day, police officers did a full search of the vehicle. They found a bag belonging to Thompson's female companion, which contained the plastic retail case for the handgun. Officers also found a debit card belonging to Ranulfo Rodrigues-Silva next to the driver's seat. Rodrigues-Silva worked across the street from the Discount Tire Shop. Around the same time as the auto theft, Rodrigues-Silva had reported to police that a man and a woman had entered his vehicle in the parking lot. When Rodrigues-Silva approached his vehicle, the people claimed the car door was already opened and then they walked away. Everything in the glovebox, including his debit card, had been taken.

[6] The next day, Avon Police Detective Jeffrey Ritorto went to the Hendricks County Jail to take a statement from Thompson. Detective Ritorto understood that the Hendricks County Sheriff's Department had a video recording system in the room where the interview was conducted, which was why he selected that particular room for the interview. At some point, Detective Ritorto learned that the interview had not been recorded because the "video system had a virus . . . [and] I believe they ended up buying a new system after that." Tr. Vol. I p. 100.

[7] During the statement, Detective Ritorto advised Thompson of his rights and Thompson waived his right to an attorney and agreed to speak with the detective. During the statement, Thompson admitted to the officer that the handgun was in his hand when he entered Bottorff's vehicle. He claimed that the weapon belonged to his companion's brother-in-law. He also offered incriminating evidence that implicated a third party in an unrelated crime.

[8] On March 21, 2016, the State charged Thompson with multiple offenses, some of which it later dismissed. Thompson's jury trial took place on March 20, 2017. At trial, he objected to Detective Ritorto's testimony regarding Thompson's unrecorded statement; the trial court admitted the evidence over his objection. The jury found Thompson guilty as charged and found that he is an habitual offender. At an April 13, 2017, sentencing hearing, the trial court sentenced Thompson as follows: ten years for robbery, with a ten-year enhancement for being an habitual offender, to be served consecutively to a three-year sentence for carrying a handgun with a prior conviction and a one-

year sentence for resisting law enforcement. Thompson also received a concurrent 180-day sentence for theft. Thompson now appeals.

## Discussion and Decision

Thompson's sole argument on appeal is that the trial court erred by admitting Detective Ritorto's testimony regarding Thompson's unrecorded statement. The admission of evidence is within the trial court's sound discretion, and we will reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or if the court has misinterpreted the law. *Hastings v. State*, 58 N.E.3d 919, 922 (Ind. Ct. App. 2016).

As a general rule, in a felony criminal prosecution, "evidence of a statement made by a person during a Custodial Interrogation in a Place of Detention shall not be admitted against the person unless an Electronic Recording of the statement was made, preserved, and is available at trial . . . ." Ind. Evidence Rule 617(a). There are multiple exceptions to this rule. Relevant to this case is an exception rendering such evidence admissible if the State provides "clear and convincing proof" that "[t]he law enforcement officers conducting the Custodial Interrogation in good faith failed to make an Electronic Recording because the officers inadvertently failed to operate the recording equipment properly, or without the knowledge of any of said officers the recording equipment malfunctioned or stopped operating . . . ." Evid. R. 617(a)(3).

Thompson argues that Detective Ritorto's statement that he was advised that the video recording system had a virus and did not record does not meet the

State's burden of proving that the recording equipment malfunctioned. According to Thompson, the detective's "vague second-hand information" regarding a virus does not constitute the requisite clear and convincing proof. Appellant's Br. p. 12. Thompson points out that

> [t]he State failed to show any evidence whether the video equipment was able to be turned on that date and was not, whether Detective Ritorto was aware of this malfunction prior to the interview, when he discovered the malfunction, whether any portion of the video was recorded, if a recording of Thompson's statement existed that was erased or damage[d] at a later date, or any other evidence to show that the nature of the equipment malfunction and the effect on Thompson's interview.

*Id.* at 11-12.

[12] Even if we accept solely for argument's sake that the trial court should not have permitted Detective Ritorto to testify regarding the substance of Thompson's statement, it is well accepted that the erroneous admission of evidence is subject to harmless error analysis. *E.g.*, *Turner v. State*, 953 N.E.2d 1039, 1059 (Ind. 2011) (holding that "[t]he improper admission is harmless error if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court there is no substantial likelihood the challenged evidence contributed to the conviction"). Furthermore, any error in the admission of evidence that is merely cumulative of evidence properly admitted is harmless. *King v. State*, 985 N.E.2d 755, 759 n.4 (Ind. Ct. App. 2013).

[13]     Here, Bottorff identified Thompson in court as the person who displayed a gun and stole his vehicle. A few minutes after the report of the armed robbery, Thompson was observed by police operating Bottorff's vehicle. Thompson then proceeded to lead police on a high-speed chase and, after the chase ended in a collision, Thompson resisted arrest. In the vehicle, officers found a gun matching Bottorff's description and a debit card that had been stolen from another vehicle near the location of the armed robbery. This evidence overwhelmingly established that Thompson was the person who robbed Bottorff. Thompson's admission to Detective Ritorto that he had the gun when entering Bottorff's vehicle was merely cumulative of Bottorff's testimony. Consequently, any error in the admission of the detective's testimony was harmless, and we decline to reverse on this basis.

[14]     The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.